IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO DONABY, )<br>)<br>    Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES of AMERICA , )<br>)<br>    Respondent/Plaintiff. ) | CIVIL NO. 04-cv-852-WDS<br><br>CRIMINAL NO. 01-cr-30103 |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. On January 28, 2002, Petitioner was convicted of armed bank robbery and of using a firearm during a crime of violence. On August 7, 2002, he was sentenced to 144 months imprisonment on the armed robbery count, and to 84 months imprisonment on the firearm count, the sentences to run consecutively, five years supervised release, restitution in the amount of $48,539.14, and a special assessment of $200.00. Petitioner appealed, arguing first, that it was improper for the district court to include the repair cost of the stolen getaway vehicle used in the robbery to increase the loss assessed under the Sentencing Guidelines thereby increasing his relevant offense level, and second, that the district court erred in awarding restitution for damage to a police car involved in the chase that followed the robbery. These arguments were rejected by the Court of Appeals, and Petitioner's sentence was affirmed on November 21, 2003. *See United States v. Donaby*, 349 F.3d 1046 (7th Cir. 2003).

In his motion the Petitioner raises two grounds for relief: (1) that his trial counsel was

ineffective for failing to properly investigate the testimony of Petitioner's alibi witnesses, and (2) that Petitioner's choice to proceed with his trial counsel was not made freely and voluntarily.

In the first supplement to the motion (Doc. 4), Petitioner raises the following grounds for relief: (1) that appellate counsel was ineffective for failing to file a notice of appeal of Petitioner's motion for new trial, (2) that trial counsel prejudiced Petitioner by representing conflicting interests in relation to Petitioner's alibi defense, and (3) that Petitioner's counsel was ineffective at sentencing for failing to object to enhancements under the Sentencing Guidelines.

In the second supplement to the motion (Doc. 6), Petitioner argues that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), invalidates his sentence. The Seventh Circuit already has held that this ruling does not apply retroactively to convictions that were final prior to the *Booker* decision, January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). *See also Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (*Booker* does not apply retroactively on collateral review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same). Petitioner was sentenced in August 2002 and the Court of Appeals affirmed the sentence on November 21, 2003. Thus, Booker does not apply to Petitioner's sentence. Accordingly, this ground is **DISMISSED** from the action.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

Also pending before the Court is Petitioner's "Request for Status and Motion Pursuant to

Rule 81(a)(2) Federal Rules of Civil Procedure" (Doc. 5). In the motion, Petitioner requests information as to the status of his case and that the Court order service on the United States. Because the Court hereby orders service, the motion (Doc. 5) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: April 19, 2006**

                              **s/ WILLIAM D. STIEHL**
                                 **DISTRICT JUDGE**