# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO DONABY, | ) |
| | ) |
| Petitioner, | ) |
| | ) Cause No. 04-cv-852-WDS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Antonio A. Donaby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 17), and petitioner a reply (Doc. 22). Petitioner was assisted by counsel in preparing his original motion, but subsequently received approval of the Court to proceed pro se, and thereafter filed two supplemental pleadings. (Docs. 4 & 5). All pleadings have been considered by the Court in reaching its decision.

## BACKGROUND

On January 28, 2002, petitioner was convicted of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2, and of using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2. *See* Case No. 3:01-cr-30103-WDS. On July 31, 2002, petitioner filed a motion for new trial, which was denied by the Court on August 6, 2002. On August 7, 2002, he was sentenced to 144 months' imprisonment on the armed robbery count, and to 84 months' imprisonment on the firearm count, the sentences to run consecutively, five years' supervised release, restitution in the amount of $48,539.14, and a special assessment of $200.00. That same

day, petitioner filed a timely notice of appeal. In his appeal, petitioner argued, first, that it was improper for the district court to include the repair cost of the stolen getaway vehicle used in the robbery to increase the loss assessed under the Sentencing Guidelines thereby increasing his relevant offense level, and second, that the district court erred in awarding restitution for damage to a police car involved in the chase that followed the robbery. These arguments were rejected by the Court of Appeals, and petitioner's sentence was affirmed on November 21, 2003. *See United States v. Donaby*, 349 F.3d 1046 (7th Cir. 2003).

In his motion (Doc. 1), his first supplement thereto (Doc. 4), and his second supplement thereto (Doc. 6), petitioner raises two grounds for relief: (1) that his trial counsel was ineffective for failing to properly investigate the testimony of petitioner's alibi witnesses, (2) that petitioner's choice to proceed with his trial counsel was not made freely and voluntarily; (3) that appellate counsel was ineffective for failing to file a notice of appeal of petitioner's motion for new trial, (4) that trial counsel prejudiced petitioner by representing conflicting interests in relation to petitioner's alibi defense; (5) that petitioner's counsel was ineffective at sentencing for failing to object to enhancements under the Sentencing Guidelines; and (6) that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), invalidates his sentence. Because petitioner was sentenced in 2002, and the Seventh Circuit has ruled that *Booker* does not apply retroactively, petitioner's sixth ground for relief was previously dismissed by the Court (Doc. 10), and only the first five grounds remain for the Court's consideration.

## ANALYSIS

Grounds for relief pursuant to 28 U.S.C. § 2255 are more limited than grounds for relief on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 504 (2003). Specifically, there are

three issues that a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that were not but could have been raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing either of good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7t Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *rev'd on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). The cause and prejudice test applies both to defendants who collaterally attack a conviction following trial, and to defendants who are sentenced after a guilty plea and subsequently attack their sentence by raising new issues for the first time under § 2255. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

**(1).    Petitioner cannot state a successful claim of ineffective assistance of counsel relating to Mr. Herman.**

Petitioner claims he received ineffective assistance of counsel at trial because his attorney chose not to use four alibi witnesses who petitioner claims would testify that petitioner was elsewhere at the time of the bank robbery. Petitioner made this same argument in his motion for a new trial, but did not raise it on appeal. However, an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255 even though petitioner could have, but did not raise the issue on direct appeal. *Massaro v. United States*, 538 U.S. 500, 508 (2003).

In reviewing a claim of ineffective assistance, the Court will apply the familiar two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): First, the petitioner must prove that his counsel's performance "fell below an objective standard

of reasonableness," *id.* at 688, and second, that but for counsel's deficiency, there is a reasonable probability that the outcome would have been different. *Id.* at 694. The defendant bears a heavy burden in showing that his counsel was ineffective and that his defense was actually prejudiced. *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993).

Petitioner claims that his counsel at trial, attorney Robert Herman, failed to properly investigate his claims of an alibi, and should have called four alibi witness at trial. When filing his motion for new trial, petitioner attached the affidavits of four witnesses, Donna Durden, Deloris Bonner, Andrew Weston, and Deana Smith, all of which state they saw the petitioner in front of his sister's home at 601 West Field Court in Belleville, Illinois, at approximately 9 a.m. on the morning in question and that they were willing to testify but were not asked to do so. (Doc. 17-2). Petitioner argues that these statements show that it was physically impossible for him to have been present at the First Federal Savings Bank of Mascoutah, located in New Baden, Illinois, at 8:50 a.m., the time of the alleged robbery.

Mr. Herman states in his affidavit that he hired an investigator to look into petitioner's alibi. The investigator questioned the witnesses listed above and based on his findings, Mr. Herman determined that these four witnesses could not provide evidence that would be probative of petitioner's innocence. In response, petitioner filed four new affidavits from the four alibi witnesses, stating that the investigator either never questioned them, or did not question them regarding petitioner's whereabouts on the morning of the robbery. (Doc. 22-2).

Despite petitioner's claims and the new affidavits of the four alibi witnesses, the Court has no reason to doubt the sworn affidavit of Mr. Herman, who is an officer of the court. The Court **FINDS** that Mr. Herman properly investigated petitioner's alibi defense and acted

appropriately in framing his trial strategy. Petitioner cannot sustain an ineffective assistance of counsel claim on the basis of a strategic or tactical decision. *United States v. Taglia*, 922 F.2d 413, 417-18 (7th Cir. 1991).

Further, petitioner cannot show prejudice because he cannot show a "reasonable probability" that his attorney's performance affected the trial's outcome," *Strickland*, 466 U.S. at 694, rendering the trial and sentencing fundamentally unfair, or the result unreliable. *Lockhart v. Fretwell*, 506 U.S. 364 (1993). The crime took place at approximately 8:50 a.m., the petitioner was apprehended thereafter after he fled on foot following a high speed vehicle chase that covered many miles. Petitioner was driving a van believed to have been used in the robbery, and possessed a helmet and mask which were identified as having been used in the robbery. Two co-conspirators testified at trial that petitioner was the leader and organizer of the robber. Other evidence adduced at trial also tended to show that petitioner was the perpetrator of the robbery. Based on the plethora of evidence against him, the Court **FINDS** that petitioner cannot show a reasonable probability that four alibi witnesses who allegedly saw petitioner around 9:00 a.m. in Belleville, approximately fifteen miles from where the crime occurred, would have affected the outcome of the trial. Accordingly, petitioner's ineffective assistance of counsel claim fails on all grounds raised.

**(2).    Petitioner's decision to proceed with his trial counsel was free and voluntary.**

Petitioner's second argument is that he did not freely and voluntarily consent to having Mr. Herman represent him at trial. Petitioner has not satisfied the cause and prejudice test necessary to bring this claim; however, it would fail in any event.

On the morning of the first day of trial, the petitioner expressed to the Court that he was

not satisfied with Mr. Herman's handling of his alibi defense. The Court responded as follows:

> THE COURT: Well. Mr. Donaby, let me explain to you that dissatisfaction by a defendant with his or her attorney, for whatever reason, is not grounds for a continuance. I can give a continuance, of course; I can grant a motion for new counsel if I believe it is well taken or that [the] situation warrants it.
>
> . . .
>
> MR. HERMAN: There was some talk preliminarily during the investigative phase that the family was going to look into hiring private counsel for Mr. Donaby. I didn't hear directly from another attorney, but through an investigator I did hear that inquiries have been made, and I know that there was someone that was ready to jump into the case if need be.
>
> I would ask if the Court could give us 24 hours, since Mr. Donaby is apparently unhappy, I do want him to have a fair trial, and as Your Honor knows I believe this sincerely, if we can have 24 hours to see if the family can make additional arrangements to bring him private counsel, give Mr. Donaby the opportunity.
>
> . . .
>
> THE COURT: I tell you what we will do, I am not going to do that, I am not going to continue the case for 24 hours. But what we will do, we will go ahead and pick this jury, and I will think about your request, and I may take a recess then until tomorrow morning, and that will give you some additional time, both of you, as well as this other attorney. . . .
>
> THE DEFENDANT: That's fair enough. That's fair enough.

Tr. Vol. I, pp. 23 & 27.

The jury was picked, the trial was recessed for the day, and the following day, January 23, 2002, the Court again addressed the issue:

> THE DEFENDANT: I am going to go ahead and go with Mr. Herman, and let's get on with this. And I'm not going to hold up no more of your time, and Court's time. And like what I said, what you already have granted me is fine, sir, and let's get down to business

>and do your job.
>
>THE COURT: All right, Mr. Donaby. And I assured you yesterday, and I will repeat that assurance . . . that you will get a fair trial in this Court. Mr. Herman is an able attorney, he's practiced here, as I said yesterday, I don't know how long, but for a long time in other courts, and he is a capable attorney. . . .

Tr. Vol. II, pp. 5-6.

In his § 2255 motion, petitioner argues that his decision to proceed to trial with Mr. Herman should be viewed and analyzed under a waiver of rights analysis. He states that when he decided to go forward with Mr. Herman he made some sort of waiver, and that said waiver was "not truly voluntary, but heavily influenced by a coercive situation in which, despite petitioner's objections to counsel's handling of his alibi defense, he was faced with the bleak choice of continuing with his current lawyer or continuing pro se." The Court does not agree that petitioner's choice equates to a waiver of any kind, nor were his only options to go forward with Mr. Herman or proceed pro se. He was granted his Sixth Amendment right to counsel, through the able services of Mr. Herman. The Court gave the petitioner the opportunity to ask for a new attorney to be appointed, this could have been an attorney hired by petitioner's family, or an attorney appointed by the Court. Petitioner had ample opportunity to discuss this situation with the Court, and was given sufficient time to make his choice. Further, as stated above, Mr. Herman properly handled the information regarding the petitioner's alleged alibi, thus this would not have been reason to have Mr. Herman removed from the case. The Court **FINDS** that petitioner's motion to proceed with Mr. Herman as trial counsel was freely and voluntarily made and his improper waiver claim fails on all grounds raised.

**(3).      Petitioner cannot state a successful claim of ineffective assistance of counsel relating to Mr. Mack.**

After the trial, petitioner filed a motion for dismissal of counsel, which was granted by the Court. Mr. Herman was dismissed and Gary Mack was appointed in his place. Petitioner now argues that Mr. Mack provided ineffective assistance of counsel in that he failed to appeal the denial of his motion for new trial based on Mr. Herman's failure to pursue an alibi defense. As stated above, Mr. Herman's handling of the alibi evidence was proper, thus a new trial would not have been granted on that ground in any event. Thus, petitioner was not prejudiced by Mr. Mack's failure to appeal the denial of the motion for new trial, and petitioner cannot satisfy the *Strickland* test as set out fully in section (1), above. Accordingly, his third argument fails on all grounds raised.

**(4).     Petitioner was not prejudiced by trial counsel's actions.**

In his fourth argument, petitioner states that "trial counsel prejudiced petitioner by representing conflicting interests in relation to petitioner's alibi defense." He alleges an "unconstitutional conflict of interest," but does not set forth specifically what that conflict is. He simply rehashes the same arguments addressed in sections (1) and (2), including his complaint regarding Mr. Herman's handling of his alibi defense, and the Court's handling of his concerns relating thereto. For the reasons set forth above, those arguments fail on all grounds raised.

**(5).     Petitioner cannot state a successful claim of ineffective assistance of counsel relating to Mr. Mack's performance at sentencing.**

In his last remaining argument, petitioner asserts that Mr. Mack was ineffective at sentencing for failing to object to what he claims to be an erroneous two point enhancement to his sentence and an erroneous calculation of his criminal history category. It is not clear which enhancement the petitioner is objecting to, so the Court will consider the calculation as a whole.

The enhancements indicated were as follows: (a) a two-level increase pursuant to §

2B3.1(b)(7)(C) of the United States Sentencing Guidelines ("U.S.S.G.") because the amount stolen was in excess of $50,000; (b) a two-level increase pursuant to § 2B3.1(b)(1) of the U.S.S.G. because the property stolen was that of a financial institution;(c) a two-level increase pursuant to § 3B1.1(c) of the U.S.S.G. because petitioner was the leader and organizer of the bank robbery scheme; and (d) a two-level increase pursuant to § 3C1.2 of the U.S.S.G. because petitioner recklessly created a substantial risk of death or serious bodily injury to another person during the course of fleeing from a law enforcement officer.

Mr. Mack did file objections to the Presentence Investigation report, and again argued at the disposition that petitioner should not receive enhancements under §§ 2B3.1(b)(7)(C) or 3B1.1(c).

After reviewing the available information, the Court **FINDS** that petitioner's sentence was correctly calculated and that Mr. Mack provided effective assistance of counsel throughout the sentencing process. Accordingly, petitioner's final ineffective assistance of counsel claim fails on all grounds.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** petitioner's motion to vacate, set aside, or correct sentence (Doc. 1) and all supplements thereto. The petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:**   July 2, 2007.


s/  WILLIAM D.  STIEHL
DISTRICT JUDGE