**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANTONIO A. DONABY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **No. 04-CV-852-WDS** |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Respondent.** | ) |

**<u>MEMORANDUM & ORDER</u>**

**STIEHL, District Judge**

Before the Court is petitioner's motion for reconsideration (Doc. 28) of the Court's Order (Doc. 26) denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Petitioner requests reconsideration based upon his belief that the Court did not clearly or adequately respond to all of the issues raised in his petition.[1] Alternatively, petitioner requests the Court grant him a Certificate of Appealability.

**<u>BACKGROUND</u>**

In January of 2002, a jury convicted petitioner of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and of using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2. *See* Case No. 3:01-cr-30103-WDS. The Court denied petitioner's motion for new trial in August of 2002 and the Seventh Circuit affirmed his sentence in November of 2003. On November 22, 2004, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), which the Court denied in an Order

_____

[1]Petitioner also requests an evidentiary hearing.

dated July 2, 2007 (Doc. 26).

Petitioner now seeks reconsideration of the Court's order denying his § 2255 petition and requests that the Court now consider five issues to complete and clarify the record for appeal. Alternatively, petitioner requests a Certificate of Appealability.

<u>**ANALYSIS**</u>

## I.  Motion for Reconsideration

Relief from judgment is available in a limited fashion under the Federal Rules.  There is no pleading called a "motion to reconsider" in the Federal Rules of Civil Procedure, though we generally construe such requests as being brought under Rule 59(e) or Rule 60(b). *See, e.g., United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir.1992).  Rule 59(e) and Rule 60(b) are two avenues in which a party may seek reconsideration of the merits of an order of the Court.

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation, and applies only when there is: newly discovered evidence; an intervening change in the controlling law; or manifest error of law.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).  A motion for reconsideration, however, is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. *See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see, also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D.Ill. June 5, 1996).

Under Rule 60(b) a court may grant relief only under the particular circumstances enumerated in the Rule, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is ... an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted).  Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir.1989).  Legal error is not one of the specified grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground." *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002).

In his motion for reconsideration, petitioner asks the Court to address five (5) issues: (1) whether there was a conflict of interest in defense counsel's representation of petitioner which influenced his decision not to call petitioner's alibi witnesses; (2) whether Attorney Herman provided ineffective assistance by failing to object to remaining petitioner's attorney during jury selection while a decision regarding appointing new counsel was pending; (3) whether the trial judge abused his discretion in attempting to influence petitioner to go to trial with Attorney Herman as his defense counsel; (4) whether the trial judge abused his discretion in directing Attorney Herman to remain as defense counsel during jury selection while a decision regarding appointment of new counsel was pending; and (5) whether the judge made erroneous statements regarding facts and evidence in his order denying petitioner's § 2255 motion.

Each of these requests fail to meet the requirements of Rule 59(e) or Rule 60(b) relief. This Court has already adequately addressed all of the issues raised by petitioner in his petition

in its Order (Doc. 26) denying the § 2255 petition.  Specifically, the Court considered each of the following issues: (1) petitioner's trial counsel was ineffective for failing to properly investigate the testimony of petitioner's alibi witnesses; (2) petitioner's choice to proceed with his trial counsel was not free and voluntary; (3) petitioner's appellate counsel was ineffective for failing to file a notice of appeal from the denial of petitioner's motion for new trial; (4) petitioner's trial counsel prejudiced him by representing conflicting interest in relation to petitioner's alibi defense; and (5) his counsel was ineffective at sentencing for failing to object to enhancements under the sentencing guidelines.

The Court fully considered each of these issues in making its determination to dismiss petitioner's petition, and declines petitioner's request to elaborate further or to consider any new issues that should have been raised before the Court made its decision.  The petitioner has made no showing that meets the requirements for relief under Rule 59(e) or Rule 60(b).  Furthermore, the petitioner has not shown that the Seventh Circuit has issued an order authorizing this Court to entertain a second or successive petition under 28 U.S.C. § 2244(b)(3)(A), and therefore, the Court cannot consider any new issues at this time.

## II.  Request for Certificate of Appealability

Pursuant to 28 U.S.C. § 2253 the petitioner may not proceed on appeal without a certificate of appealability.  Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Further, §2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."   Here, petitioner has not set forth any grounds for issuance of a certificate of appealability.  The Court

**FINDS** that the record does not support such a finding, and therefore, the Court declines to issue a certificate of appealability in this case.

## **CONCLUSION**

Accordingly, the Court **DENIES** petitioner's motion for reconsideration and **DENIES** petitioner's request for a Certificate of Appealability (Doc. 28).


**IT IS SO ORDERED**

**DATE:** **November 17, 2010**

/s/  **WILLIAM D. STIEHL**
                    **DISTRICT JUDGE**